UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
97 JUL 30 PM 3:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

CHARLES H. HOOD, )
 )
    Plaintiff, )
 )
    vs. )    CV 96-L-2921-S
 )
DYNO NOBEL INC.; THE )
IRECO INCORPORATED )
DEFINED BENEFIT PENSION )
PLAN II EFFECTIVE AS OF )
JANUARY 1, 1985; THE )
HERCULES PENSION PLAN, )
 )
    Defendants. )

ENTERED
JUL 30 1997

## MEMORANDUM OPINION

### I. Introduction

Currently pending before this court are a motion for summary judgment filed by defendants Dyno Nobel Inc. and IRECO Defined Benefit Plan II and a motion for summary judgment filed by defendant Hercules Incorporated.

### II. Undisputed Material Facts

From 1965 to 1985, plaintiff Charles Hood was employed by Hercules, Inc. at its Bessemer, Alabama explosives plant. Amended Complaint ¶¶ 7, 15. As a Hercules employee, plaintiff was a participant in the Hercules Pension Plan ("Hercules Plan"). Amended Complaint ¶ 8-9. The Hercules Summary Plan Description ("Hercules

1



SPD") provides, "Normally, your supervisor will contact you during a disability period when it has been determined that you are permanently unable to perform your job with the degree of efficiency required." Hercules SPD at D1-21.

On June 10, 1985, Hercules sold its Bessemer plant to IRECO, Inc., at which time the Bessemer employees (including plaintiff) became employed by IRECO. Amended Complaint ¶ 15; Affidavit of Daniel McFadden ¶ 1.

IRECO created the IRECO Incorporated Defined Benefit Pension Plan II ("IRECO Plan"), which assumed the benefit obligations under the former Hercules Pension Plan for the Bessemer employees. Affidavit of Mickey Angell ¶ 3. Although a summary plan description ("IRECO SPD") of the IRECO plan was issued to all the Bessemer employees in 1985, Affidavit of Mickey Angell ¶ 3, plaintiff denies having received a copy of it. Amended Complaint ¶¶ 14. The IRECO SPD states, "You must apply for benefits; they don't begin automatically.... Your written request for Plan benefits shall be considered a claim for Plan benefits, and it will be subject to a full and fair review." IRECO SPD at 13. The IRECO Plan further provides that, in order to be eligible for disability retirement benefits, a participant must incur a Total and Permanent Disability "prior to his retirement or separation from service." IRECO Plan at 26. A Total and Permanent Disability is defined as

> a physical or mental condition of a Participant resulting from bodily injury, disease or mental disorder which renders him unable to perform his present or an equivalently compensated occupation with the Company. This disability of a participant shall be determined by a licensed physician selected by the Administrator.

2

IRECO Plan at 8.

Plaintiff continued to work at the IRECO Bessemer plant until it closed in May 1986 and then worked on the shutdown of the plant through September 1987. Amended Complaint ¶ 20-21; Deposition of Plaintiff at 87-88. After leaving IRECO, plaintiff applied for and received six months of unemployment compensation. Deposition of Plaintiff at 145-46. Under Alabama law, a person is eligible for unemployment compensation if he is "physically and mentally able to perform work of a character which he is qualified to perform by past experience or training...." Ala. Code § 25-4-77(a)(3).

In late 1988, plaintiff applied for employment with Griffin Wheel. Amended Complaint ¶ 29. His frequent overtime work caused his ulcer to hurt, and he developed carpal tunnel syndrome. Deposition of Plaintiff at 184; Amended Complaint ¶ 29.

A dispute arose between plaintiff and Griffin Wheel as to whether his carpal tunnel condition arose out of his employment with Griffin Wheel, thereby entitling plaintiff to worker's compensation. Plaintiff sued Griffin Wheel and was awarded 66% vocational disability by Jefferson County Circuit Judge Judge Ralph D. Cook. <u>Hood v. Griffin Wheel</u>, CV 91-837, Exhibit 8 to Deposition of Plaintiff. Plaintiff stipulated that his injury date was August 20, 1990. <u>Id</u>.

On April 9, 1991, plaintiff filed an application with the Social Security Administration for disability benefits. Exhibit 10 to Deposition of Plaintiff. In that application, plaintiff alleged

that he became disabled on August 15, 1990. Id.

On June 13, 1993, IRECO changed its name to Dyno Nobel. Affidavit of Mickey Angell ¶ 2. On September 1, 1995, plaintiff inquired with Dyno Nobel about his eligibility for disability retirement benefits retroactive to October 10, 1987. Amended Complaint ¶¶ 35, 39. Dyno Nobel denied plaintiff's claim. Amended Complaint ¶ 36.

### III. Procedural History

On October 4, 1996, plaintiff filed suit against Dyno Nobel, the IRECO Plan, and the Hercules Plan in the Circuit Court of Jefferson County, Alabama. The case was removed to this court on November 7, 1996.

On January 6, 1997, this court entered an order granting plaintiff leave to amend the complaint. The amended complaint contained claims for benefits due under the IRECO Plan and for breach of fiduciary duty.

### IV. Motions for summary judgment

In reviewing a motion for summary judgment, the motion is granted if there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); United States v. Four Parcels of Real Property in Greene and Tuscaloosa Counties in the State of Alabama, 941 F.2d 1428, 1437 (11th Cir. 1991). The evidence of the non-movant is to be believed, and the court is not to engage in jury functions such as

determining credibility and weighing the evidence. <u>Four Parcels</u>, 941 F.2d at 1437. However, when the non-movant bears the burden of proof at trial and a motion for summary judgment has been made, the non-movant bears the burden of coming forward with sufficient evidence on each element that must be proved. <u>Earley v. Champion International Corp.</u>, 907 F.2d 1077, 1080 (11th Cir. 1990). If, on any part of the prima facie case, there would be insufficient evidence to require submission of the case to a jury, summary judgment is appropriate. <u>Earley</u>, 907 F.2d at 1080. As there is no genuine issue as to any material fact, the only question left to be resolved is whether plaintiff has stated any claim under which he can recover.

### A. Plaintiff's claims against Hercules

Plaintiff has failed to bring his claim against Hercules within the applicable statute of limitations. Hercules sold the Bessemer plant in 1985. Plaintiff has produced no evidence that Hercules owed plaintiff any fiduciary duty after the sale. ERISA § 413(a) provides a six-year statute of limitations on actions against a fiduciary for breach of fiduciary duty. 29 U.S.C. § 1113(a). Plaintiff did not file this action until 1996--eleven years after the sale. Any claim plaintiff might have against Hercules is, therefore, barred by the statute of limitations.

### B. Plaintiff's claim against Dyno Nobel for benefits due

In determining whether the motion for summary judgment

5

should be granted as to plaintiff's claim for benefits, the claim decision "is to be reviewed under a _de novo_ standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). The court, however, does not need to determine whether the plan contains language sufficient to confer some standard of review which is more lenient than _de novo_ review; indeed, under the _de novo_ standard, Dyno Nobel correctly denied plaintiff's claim for benefits.

Plaintiff has shown no evidence that he was disabled prior to his separation from service with IRECO; indeed, there is extensive evidence that plaintiff was not disabled prior to his separation from IRECO. After his separation from service with IRECO, plaintiff received unemployment benefits (which he could not have received if he had been disabled) and worked exhaustive hours for Griffin Wheel. Finally, in worker's compensation litigation with Griffin Wheel and in applying for disability benefits with the Social Security Administration, plaintiff has stated that he became disabled in August 1990, well after plaintiff's September 1987 separation from IRECO. Dyno Nobel was correct in denying plaintiff's claim for disability retirement benefits.

### C. Plaintiff's breach of fiduciary duty claim against Dyno Nobel

In the complaint, plaintiff alleges that defendants breached their fiduciary duties by prematurely terminating

6

plaintiff so that he was denied benefits and by failing to investigate plaintiff's claim for benefits in an objective manner.

Plaintiff has failed to produce any evidence that IRECO prematurely terminated plaintiff to prevent him from obtaining benefits to which he was due. There is no evidence that IRECO knew plaintiff intended to file any claim for benefits. Also, there is no evidence that plaintiff was disabled prior to August 1990.

Further, it is no breach of fiduciary duty to fail to investigate plaintiff's claim for benefits in an objective manner. Such an allegation is more properly brought as a claim for benefits. Moreover, because the court has previously determined that Dyno Nobel properly denied plaintiff's claim for benefits, Dyno Nobel did not fail to investigate plaintiff's claim for benefits in an objective manner.

## V. Conclusion

Plaintiff's complaint contains claims for benefits due and breach of fiduciary duty. Summary judgment is appropriate as to all of plaintiff's claims. Thus, as established above and set out in the accompanying order, this court is today granting the defendants' motions for summary judgment.

DONE this 30th day of July 1997.

_Seybourn H. Lynn_
SENIOR JUDGE